Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Paul Renteria

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL RENTERIA, | ) Case No. |
| | ) |
| Plaintiff, | ) COMPLAINT FOR DAMAGES FOR |
| | ) VIOLATION OF FEDERAL |
| vs. | ) CONSTITUTIONAL RIGHTS UNDER |
| | ) COLOR OF STATE LAW |
| OSCAR ROMO, VICTORIA LA DELL, | ) [42 U.S.C. § 1983]  VIOLATION OF |
| JOSEPH SOMENEK, NICOLE | ) FOURTH AMENDMENT RIGHTS – |
| RAMOS, TONY LA DELL, SPECIAL | ) UNLAWFUL / UNREASONABLE |
| AGENT SMITH and DOES 1 through | ) SEIZURE OF PERSON [U.S. CONST. |
| 10, inclusive, | ) AMEND. 4]; VIOLATION OF FOURTH |
| | ) AMENDMENT RIGHTS – USE OF |
| Defendants. | ) EXCESSIVE / UNREASONABLE |
| | ) FORCE UPON PERSON [U.S. CONST. |
| | ) AMEND. 4]; CLAIM FOR |
| | ) UNREASONABLE SEIZURE OF |
| | ) PROPERTY [U.S. CONST. AMEND. 4], |
| | ) CLAIM FOR UNLAWFUL / |
| | ) UNREASONABLE SEARCH OF |
| | ) PRIVATE RESIDENCE AND PERSON |
| | ) [U.S. CONST. AMEND. 4]; CLAIM FOR |
| | ) MALICIOUS PROSECUTION [U.S. |
| | ) CONST. AMENDS. 1, 4 AND 14]; |
| | ) VIOLATION OF RIGHT TO FREEDOM |
| | ) OF SPEECH / RIGHT TO PETITION |

COMPLAINT FOR DAMAGES

1

Law Offices of Jerry L. Steering

) GOVERNMENT FOR REDRESS OF
) GRIEVANCES [U.S. CONST. AMEND.
) 1]
)
) **JURY TRIAL DEMANDED**

**COMES NOW** plaintiff Paul Renteria and shows this honorable court the following:

### JURISDICTIONAL ALLEGATIONS

1.      As this action is brought under 42 U.S.C. § 1983, this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.      As the incidents complained of in this action occurred in the County of Los Angeles, in the State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. § 1391(b)(2).

### GENERAL ALLEGATIONS

3.      Plaintiff Paul Renteria, hereinafter referred to as "RENTERIA" or "Plaintiff RENTERIA," is a natural person who, at all times complained of in this action, resided in the County of Los Angeles, in the State of California.

4.      Defendant Oscar Romo, hereinafter referred to as "ROMO," is, and was at all times complained of herein, a Special Agent with the California Department of Justice, Division of Law Enforcement and a certified peace officer in the State of California.  At all times complained of herein, ROMO was acting as an individual person

COMPLAINT FOR DAMAGES
2

under the color of state law, pursuant to his status as a Special Agent, and was acting in the course of and within the scope of his employment with the California Department of Justice.

5. Defendant Victoria LA DELL, hereinafter referred to as "LA DELL," is, and was at all times complained of herein, a Special Agent with the California Department of Justice, Division of Law Enforcement and a certified peace officer in the State of California. At all times complained of herein, LA DELL was acting as an individual person under the color of state law, pursuant to her status as a Special Agent with the California Department of Justice, and was acting in the course of and within the scope of her employment with the California Department of Justice.

6. Defendant Joseph Somenek, hereinafter referred to as "SOMENEK," is, and was at all times complained of herein, a Special Agent Supervisor with the California Department of Justice, Division of Law Enforcement and a certified peace officer in the State of California. At all times complained of herein, SOMENEK was acting as an individual person under the color of state law, pursuant to his status as a Special Agent Supervisor, and was acting in the course of and within the scope of his employment with the California Department of Justice.

7. Defendant Nicole Ramos, hereinafter referred to as "RAMOS," is, and was at all times complained of herein, a Special Agent with the California Department of Justice, Division of Law Enforcement and a certified peace officer in the State of

**Law Offices of Jerry L. Steering**

California. At all times complained of herein, RAMOS was acting as an individual person under the color of state law, pursuant to her status as a Special Agent, and was acting in the course of and within the scope of her employment with the California Department of Justice.

8. Defendant Tony La Dell, hereinafter referred to as "LA DELL," is, and was at all times complained of herein, a Special Agent In Charge with the California Department of Justice, Division of Law Enforcement and a certified peace officer in the State of California. At all times complained of herein, ROMO was acting as an individual person under the color of state law, pursuant to his status as a Special Agent In Charge, and was acting in the course of and within the scope of his employment with the California Department of Justice.

9. Defendant Special Agent Smith, hereinafter referred to as "SMITH," is, and was at all times complained of herein, a Special Agent with the California Department of Justice, Division of Law Enforcement. At all times complained of herein, SMITH was acting as an individual person under the color of state law, pursuant to his status as a Special Agent, and was acting in the course of and within the scope of his employment with the California Department of Justice.

10. Defendants DOES 1 through 6, inclusive, are sworn peace officers, Special Agents, investigators, custodial officers, jailers, and/or other public officers, officials or employees of the California Department of Justice, who in some way committed some or

COMPLAINT FOR DAMAGES
4

all of the tortious actions (and constitutional violations) complained of in this action, and are otherwise liable to Plaintiff RENTERIA for the acts complained of in this action, but whose identities are unknown to Plaintiff at this time.

11. Plaintiff is presently unaware of the identities of DOES 1 through 6, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by Plaintiff.

12. At all times complained of herein, DOES 1 through 6, inclusive, were acting as individual persons, under the color of state law, pursuant to their authority as sworn peace officers, Special Agents, investigators and/or other public officers, officials or employees of the California Department of Justice, and were acting in the course of and within the scope of their employment with the California Department of Justice.

13. Defendants DOES 7 through 10, inclusive, are sworn peace officers, Special Agent Supervisors, Special Agents In Charge, Commanders, Captains, Lieutenants, Sergeants and/or other supervisory personnel and/or policy makers with final policy making authority employed by the California Department of Justice who proximately caused, substantially contributed to, are responsible for, or are otherwise liable for the injuries, damages, and constitutional violations complained of by Plaintiff RENTERIA in this action, via supervisory liability (i.e. failure to properly supervise, improperly directing, approving/ ratifying actions of subordinates), bystander liability (failing to intervene and stop unlawful actions of subordinates), and/or liability under *Monell v.*

*Department of Social Services*, 436 U.S. 658, 701 (1978) (i.e. policies, customs, and/or practices).

14. Defendant DOES 7 through 10, inclusive, for purposes of liability under *Monell*, created, implemented, applied, and/or maintained a policy, custom, and/or practice of (1) being deliberately indifferent to a falsely arresting innocents and charging them with bogus crimes, (2) deliberately failing to train California Department of Justice Special Agents in the proper procedures for verifying terms of probation before arresting persons and charging persons with felonies, (3) unlawfully searching private residences without a warrant or exigency or emergency, and (4) seizing property/weapons without conducting any diligent inquiry as to whether any seized property/weapons is/are lawfully possessed by persons.

15. Plaintiff is presently unaware of the identities of DOES 7 through 10, inclusive, and will amend this complaint to add and to show the actual names of said DOE defendants, when ascertained by Plaintiff.

16. At all times complained of herein, DOES 7 through 10, inclusive, were acting as individual persons under the color of state law pursuant to their authority as sworn peace officers, Special Agent Supervisors, Special Agents In Charge, Commanders, Captains, Lieutenants, Sergeants, Assistant Sheriffs, Undersheriff, the Sheriff and/or Supervisory personnel or policy makers with final policy making authority

**Law Offices of Jerry L. Steering**

for the California Department of Justice, and were acting in the course of and within the scope of their employment with the California Department of Justice.

17.     Moreover, at all times complained of herein, Defendant DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation, implementation, application, and maintenance of the policy(ies), custom(s), and /or practice(s) of the California Department of Justice, for, *inter alia*: (1) being deliberately indifferent to a falsely arresting innocents and charging them with bogus crimes, (2) deliberately failing to train California Department of Justice Special Agents in the proper procedures for verifying terms of probation before arresting persons and charging persons with felonies, (3) unlawfully searching private residences without as warrant or exigency or emergency, and (4) unlawfully seizing property/weapons without conducting any diligent inquiry as to whether any seized property/weapons is/are lawfully possessed by persons, and were thereby the proximate cause(s) of the same state and federal constitutional violations complained of by Plaintiff RENTERIA in this action.

18.     In addition to the above and foregoing, Defendants DOES 1 through 10, inclusive, acted pursuant to a conspiracy, i.e. an agreement, understanding, and common plan and/or scheme to deprive the Plaintiff of his California state and federal constitutional and statutory rights, and acted in joint and concerted action to so deprive the Plaintiff of those rights as complained of in this action.

19. Said conspiracy/ agreement/ understanding/ plan / scheme/ joint action/ concerted action, referenced above, substantially and proximately caused the violations of Plaintiff RENTERIA'S state and federal constitutional and statutory rights, as complained of herein.

**FIRST CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Person**
**(By plaintiff against all defendants and DOES 1 through 10, inclusive)**

20. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as though set forth in full herein.

21. On June 17, 2015, at approximately 6:04 p.m., defendant ROMO and several unidentified DOE California Department of Justice officers/special agents arrived at plaintiff's home at 1525 San Gabriel Boulevard, Rosemead, California.

22. Upon arrival at plaintiff RENTERIA's home, plaintiff was not home and was at work. Defendant ROMO and DOES 1 and 2 then telephoned plaintiff RENTERIA to inquire about plaintiff's lawfully registered firearms which were registered with the California Department of Justice, Office of Law Enforcement, Bureau of Firearms.

23. Defendant ROMO and DOES 1 and 2 telephoned plaintiff RENTERIA and told plaintiff that plaintiff was prohibited from possessing firearms under the terms of plaintiff's non-supervised summary probation from a misdemeanor weapons possession criminal proceeding in 2013; *People of the State of California v. Paul Renteria*, Los

COMPLAINT FOR DAMAGES
8

Law Offices of Jerry L. Steering

Angeles County Superior Court case number 3WA00733.

24.    During said June 17, 2015 telephone conversation plaintiff RENTERIA informed defendant ROMO and DOES 1 and 2 that under the terms of plaintiff's plea agreement in his underlying 2013 misdemeanor case[1], that Superior Court Commissioner Alan I. Rubin personally told him in court during his plea that he would be permitted to possess lawfully registered firearms.

25.    Moreover, plaintiff RENTERIA also told ROMO and DOES 1 and 2 that his Plea Agreement in that case and the Superior Court's order on the same specifically provided that plaintiff was entitled to possess firearms, and that he had the paperwork to prove it, and, that he would be glad to show that paperwork to him or to otherwise discuss the matter.

26.    Moreover, plaintiff informed defendant ROMO and DOES 1 and 2 that plaintiff was at work and that he would be home in three hours, and invited ROMO and DOES 1 and 2 to come to his home to look at his plea agreement and court order when plaintiff returned home from work that very day.

27.    The following day, on June 18, 2015, at approximately 10:05 a.m., plaintiff RENTERIA telephoned defendant ROMO and DOES 1 and 2 to ask why ROMO and DOES 1 and 2 did not show up at plaintiff's home the night before. Plaintiff further advised ROMO and DOES 1 and 2 that plaintiff was at home and that if ROMO and

---

[1] *People of the State of California v. Paul Renteria*, Los Angeles County Superior Court case number 3WA00733.

COMPLAINT FOR DAMAGES

9

DOES 1 and 2 wanted to meet with plaintiff to discuss plaintiff's firearms which were lawfully registered, and to show defendant ROMO that plaintiff had court paperwork which permitted his possession of those firearms under the terms of his plea agreement. Defendant ROMO and DOES 1 and 2 did not go to plaintiff's home on June 18, 2015 pursuant to plaintiff's invitation.

28.     Thereafter, on June 23, 2015, at approximately 5:52 p.m., plaintiff RENTERIA received a phone call from defendant ROMO and DOES 1 and 2 advising plaintiff that ROMO and DOES 1 and 2 was at the front gate of the aforementioned family home. Defendant ROMO was accompanied by defendants LA DELL, SOMENEK and SMITH and DOES 1 through 6, inclusive.

29.     Plaintiff went outside of his home to fully cooperate with defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 6, inclusive, and allowed said defendants to come inside the family home to look at plaintiff's firearms and his court paperwork showing he was in lawful possession of his firearms. At no time during the subject incident complained of herein did plaintiff RENTERIA consent to the search of his home.

30.     Once inside plaintiff's home, defendants ROMO, LA DELL, SOMENEK, SMITH and/or DOES 1 through 6, inclusive, asked plaintiff where his guns were. Plaintiff showed said defendants his lawfully registered firearms which are/were lawfully registered with the State of California; to wit, a Glock Model 26, 9mm semi-automatic

COMPLAINT FOR DAMAGES

10

**Law Offices of Jerry L. Steering**

pistol and a Smith & Wesson Model Bodyguard 3, .38 caliber revolver pistol, which plaintiff kept in gun cases in his living room and were unlawfully seized by said defendants ROMO, LA DELL, SOMENEK, SMITH and/or DOES 1 through 6, inclusive.

31.    Plaintiff RENTERIA verbally protested defendants ROMO, LA DELL, SOMENEK, SMITH and/or DOES 1 through 6, inclusive's contention that plaintiff was prohibited from possessing firearms, and offered to show said defendants his summary sentencing memorandum (i.e., plaintiff RENTERIA's "*Tahl*"[2] form) that showed that plaintiff was not in violation of any condition of his probation or in violation of any law; especially a law prohibiting weapons possession by the plaintiff. That *Tahl* form showed that the plaintiff was excused by the court from having his right to possess firearms restricted / revoked.

32.    Defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 6, inclusive, then asked plaintiff RENTERIA if he had any other guns. Plaintiff told defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 6, inclusive, that he also had a shotgun in his bedroom, and plaintiff led said defendants into his bedroom and showed them his Mossberg pump action 12 gauge shotgun, which said defendants unlawfully seized. Said defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 6, inclusive, now had unlawfully taken possession of a total of three

---

[2] *In re Tahl*, 1 Cal.3d 122 (1969).

COMPLAINT FOR DAMAGES

11

**Law Offices of Jerry L. Steering**

firearms from plaintiff RENTERIA; all without a warrant or probable cause to believe that said weapons were evidence of a crime or of a probation violation.

33.     In addition, defendants ROMO, LA DELL, SOMENEK, SMITH and/or DOES 1 through 6, inclusive, also unlawfully seized one ammunition magazine and 20 rounds of ammunition of various calibers, items that plaintiff was lawfully entitled to possess.

34.     Plaintiff RENTERIA then returned to his living room where he was arrested and handcuffed at approximately 6:10 p.m. by said defendants.

35.     Defendant ROMO[3] and/or DOES 1 and 2 then ratcheted down his handcuffs tightly on plaintiff RENTERIA's wrists so maliciously and excessively so as to deliberately inflict serious injury to the wrists and hands of plaintiff RENTERIA, causing plaintiff tremendous physical pain and suffering.

36.     In addition, defendants ROMO, LA DELL, SOMENEK, SMITH and/or DOES 1 through 6, inclusive, conducted an unlawful search of plaintiff RENTERIA's home, in the absence of consent, a warrant, an emergency or exigent circumstances, including picking the lock on plaintiff's mother's bedroom door to search that bedroom, in conjunction with an in-home arrest of plaintiff when said searching officers did not possess a reasonable belief based on any specific and articulable facts that the plaintiff's home being searched harbored any individual posing any danger to those said officers on

---

[3] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."

COMPLAINT FOR DAMAGES

the scene of plaintiff's arrest, in violation of plaintiff RENTERIA's Fourth Amendment right to be free from unlawful searches and seizures of his home and his property.

37. After approximately 40 minutes in handcuffs, Plaintiff RENTERIA was then led outside and placed into a California Department of Justice van, while defendants unlawfully searched plaintiff RENTERIA's home, all without a warrant, probable cause or even a reasonable suspicion of criminality afoot of plaintiff.

38. While ROMO, LA DELL, SOMENEK and/or DOES 1 through 6, inclusive were standing outside for approximately 45 minutes, said defendants forgot their fellow officer defendant SMITH and locked him inside plaintiff RENTERIA's home while defendant SMITH was unlawfully searching plaintiff's home.

39. When plaintiff RENTERIA verbally protested his false arrest and tried to explain to supervisory officer defendant SOMENEK that he had possession of his "*Tahl*" plea agreement form with Los Angeles County Superior Court showing that Commissioner Alan I. Rubin authorized plaintiff's possession of lawfully registered firearms under the terms of plaintiff's plea agreement, supervisory defendant SOMENEK and DOES 5 and 6 ignored plaintiff RENTERIA's pleas to look at his "*Tahl*" / plea agreement form and defendants SOMENEK and DOES 5 and 6 told plaintiff RENTERIA that "No judge would allow that."

40. Plaintiff RENTERIA was then taken in handcuffs in the back of a police van to a Wal-Mart parking lot where he remained in handcuffs for approximately an hour and

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

fifteen minutes, until plaintiff was transported to the Los Angeles County Men's Central Jail, where he was then taken into custody by the Los Angeles County Sheriff's Department for booking.

41.    Once inside the Men's Central Jail, plaintiff RENTERIA spent approximately another two hours in handcuffs which were ratcheted down too tightly, causing plaintiff further tremendous and agonizing physical pain and suffering. In total, Plaintiff RENTERIA spent approximately four hours in handcuffs which were excessively ratcheted-down deliberately during his false arrest and imprisonment such as to deliberately cause plaintiff excruciating pain and suffering.

42.    Once incarcerated in the Los Angeles County Men's Central Jail, plaintiff RENTERIA spent approximately 24 hours in jail until he posted bail in the amount of seventy thousand dollars ($70,000.00).

43.    Thereafter, on or about October 23, 2015 and four months after plaintiff RENTERIA's false arrest by said defendants, defendant(s) ROMO[4] was/were no longer employed by the California Department of Justice, and in his place, defendant RAMOS[5] intentionally and maliciously authored materially false and misleading police reports containing materially false statements of fact and false and misleading important omissions of material facts, that "legally" and proximately resulted in the bogus / false / malicious criminal prosecution of the plaintiff; to wit, that as a condition of the order of

---

[4] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[5] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."

COMPLAINT FOR DAMAGES
14

probation from a Superior Court, plaintiff RENTERIA was prohibited from owning or possessing any firearms or ammunition; something that was not true, and something that the defendants were aware of the falsity of those false statements of material facts and the false impression that the District Attorney's Office would have had from the material omissions of fact.

44.     Said false police reports containing false material statements of fact were then ratified, approved, encouraged by ROMO and RAMOS' supervising officer, Special Agent Supervisor and supervisory defendant SOMENEK[6] on or about October 27, 2015, without conducting any diligent or reasonable inquiry or investigation into plaintiff RENTERIA's court file to determine whether any probation terms prohibiting the possession of firearms by plaintiff RENTERIA alleged in the police reports were true or not.

45.     Said police reports containing false material statements of facts were then intentionally and maliciously used to procure the bogus criminal prosecution of plaintiff RENTERIA.

46.     Thereafter, on or about January 8, 2016, defendant RAMOS[7], on behalf of Special Agent in Charge and supervisory defendant LA DELL[8], sent a letter to plaintiff RENTERIA stating that a criminal complaint had been filed against him alleging a sole count of a violation of Cal. Penal Code § 29815(a), "Unlawful Firearm Activity"; a

---

[6] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[7] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[8] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."

COMPLAINT FOR DAMAGES
15

Law Offices of Jerry L. Steering

"wobbler"[9] under California law. However, no such complaint had been filed against plaintiff RENTERIA, contrary to what defendant RAMOS[10], on behalf of her supervisor defendant LA DELL[11], had written to plaintiff RENTERIA.

47.   Upon receiving the aforementioned letter from said defendants RAMOS[12] on behalf of LA DELL[13], plaintiff RENTERIA retained a private criminal defense attorney, Grant Hoagland, at considerable monetary expense. Mr. Hoagland made numerous attempts to contact defendants without success[14] to prove that plaintiff RENTERIA was lawfully permitted to possess his firearms, and to demand the return of plaintiff's firearms.

48.   Thereafter, On or about January 12, 2016, plaintiff RENTERIA's criminal defense attorney Grant Hoagland authored a letter to the California Department of Justice, show, *inter alia*, that as of January 12, 2016, no criminal complaint had been filed, contrary to the January 8, 2016 letter from defendant RAMOS[15] on behalf of supervisory defendant LA DELL[16] stating that a criminal complaint had been filed against plaintiff RENTERIA, something that defendants ROMO and LA DELL[17] knew was false.

---

[9] A crime that can be charged as either a misdemeanor and a felony.
[10] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[11] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[12] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[13] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[14] By telephone and otherwise, including leaving repeated voicemail messages.
[15] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[16] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[17] " . . . and DOES 1 and/or DOES 2 dand/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."

COMPLAINT FOR DAMAGES

16

49.   In his January 12, 2016 letter to the California Department of Justice, Mr. Hoagland asserted that after his review of the facts attendant to plaintiff RENTERIA's arrest that there existed no "Probable Cause" for the underlying bogus criminal prosecution against plaintiff as the plaintiff's possession of firearms was not a violation of the terms of the plaintiff's probation in the original underlying misdemeanor action. Mr. Hoagland further wrote that it was "patently clear" even in the minute orders from California Superior Court Commissioner Alan I. Rubin that plaintiff RENTERIA was lawfully permitted to possess firearms. Moreover, Mr. Hoagland demanded that plaintiff RENTERIA's also lawfully registered fire arms be returned to plaintiff RENTERIA.

50.   In addition, Mr. Hoagland's January 12, 2016 letter to said defendants also included documentation proving plaintiff RENTERIA's innocence, including:

a)   A copy of the Minute Order from April 23, 2013 by Los Angeles County Superior Court Commissioner Alan I. Rubin;

b)   A copy of the Los Angeles County Superior Court Misdemeanor Sentencing Memorandum (i.e, "*Tahl*" form) showing the terms of plaintiff's plea agreement permitting plaintiff to possess lawfully registered firearms;

c)   Proof of Registration for both of plaintiff's firearms, a Glock 26 fixed 9mm Ban02 and Smith & Wesson Bodyguard 38 .38SPL;

d)   Proof of Purchase of a Mossberg 500 12 g. 28 inch;

e)   Property Receipt of Firearms dated June 23, 2015 executed by

COMPLAINT FOR DAMAGES

17

defendant ROMO;

f)      Law Enforcement Gun Release Application for all three weapons, Glock, S&W and Mossberg.

Moreover, this January 12, 2016 letter was also forwarded to the California Department of Justice (Office of the Attorney General) and the Department of Justice, Bureau of Firearms, in Cities of Commerce and Sacramento.

51.     Two weeks later, on January 26, 2016, as retaliation for plaintiff RENTERIA providing documents through his attorney proclaiming the plaintiff's innocence, complaining that the plaintiff was arrested without a warrant or probable cause, and for demanding the return of his weapons, defendant RAMOS[18] signed off (as the complaining witness) on a Felony Complaint against plaintiff RENTERIA, alleging a sole count of a violation of California Penal Code section 29815(a), "Unlawful Firearm Activity," a felony; *People of the State of California v. Paul Renteria*, Los Angeles County Superior Court Case Number GA097730. That Felony criminal action against the plaintiff was and was terminated in favor of plaintiff RENTERIA on May 2, 2016 pursuant to Cal. Penal Code § 1385, "In the interest of justice", as the District Attorney Office concluded that the plaintiff was an innocent man.

52.     The filing of said criminal prosecution of the plaintiff was procured by

_____

[18] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."

COMPLAINT FOR DAMAGES

18

defendant RAMOS[19] with malice and without probable cause[20], and caused plaintiff RENTERIA both economic and non-economic damages.

53.    Two days later, on January 28, 2016, plaintiff RENTERIA was arraigned in Los Angeles County Superior Court on aforementioned felony complaint for possession of a firearm in violation of a probation condition prohibiting the same. At that time the plaintiff entered a please of Not Guilty.

54.    Plaintiff RENTERIA again made court appearances on February 17, 2016, and March 29, 2016, and the matter was continued on those dates.

55.    On April 24, 2016, plaintiff RENTERIA's attorney Mr. Hoagland wrote another letter to Kimberly Leong, Director in Charge of the District Attorney's Office for the County of Los Angeles. Mr. Hoagland attached plaintiff RENTERIA's misdemeanor sentencing memorandum, indicating that the California Superior Court Los Angeles County Commissioner Alan I. Rubin set out the terms of plaintiff's probation, namely that plaintiff could be in possession of firearms "unless lawfully registered," proof of registration of plaintiff's firearms, a copy of the Court Reporter's Transcript of Proceedings in front of Commissioner Alan I. Rubin dated April 23, 2013, showing plaintiff RENTERIA's innocence.

56.    On May 2, 2016, plaintiff RENTERIA, through his attorney Mr. Hoagland,

---

[19] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."
[20] . . . and was terminated in favor of plaintiff RENTERIA on May 2, 2016 pursuant to Cal. Penal Code § 1385, "In the interest of justice", as the District Attorney Office concluded that the plaintiff was an innocent man.

COMPLAINT FOR DAMAGES
19

**Law Offices of Jerry L. Steering**

made an oral motion before California Superior Court Judge Hon. Roy Delgado for the return of his weapons and ammunition. Said motion was granted without objection by the People of the State of California on or about June 9, 2016, and plaintiff's criminal matter was terminated in favor of plaintiff RENTERIA.

57. In addition, defendant bystander and supervisory personnel SOMENEK, LA DELL and DOES 7 through 10[21], inclusive, approved, encouraged and ratified the unlawful conduct of their associate and subordinate officers/agents, under the color of law and in a bystander and supervisory capacity as Special Agent Supervisor/ / Special Agent In Charge / Sergeant / Corporal / Watch Commander / Lieutenant / Captain or some other supervisor that should have reasonably known that the plaintiff's constitutional rights were being violated; and failed to intervene to protect the rights of the plaintiff and prevent the plaintiff RENTERIA from being falsely detained and arrested in his own home when plaintiff had not committed any crime whatsoever, falsely seized and excessively handcuffed by said defendant California Department of Justice Special Agents.

58. Accordingly, said seizure of the plaintiff RENTERIA, as well as the unlawful search of the plaintiff's home and seizure of his property, was done in violation of the plaintiff's right to be free from unreasonable searches and seizures of their persons and property under the Fourth Amendment of the United States Constitution, and

[21] " . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6."

COMPLAINT FOR DAMAGES

20

Law Offices of Jerry L. Steering

bystander and supervisory defendants SOMENEK, LA DELL and DOES 7 through 10" . . . and DOES 1 and/or DOES 2 and/or DOES 3 and or DOES 4 and/or DOES 5 and/or DOES 6" , inclusive, should have reasonably known that their subordinate officers ROMO, LA DELL, RAMOS, SMITH and DOES 1 through 6, inclusive, were depriving the plaintiff RENTERIA of his constitutional rights.

59.     Accordingly, the unlawful seizure of plaintiff in his home, the unlawful search of plaintiff's home and the unlawful seizure of plaintiff's property, by defendants ROMO, LA DELL,  SMITH, SOMENEK and DOES 1 through 10, inclusive, constituted an unlawful and unreasonable and unlawful seizure of his person and property, without a warrant, without reasonable suspicion of criminality afoot by the plaintiff, and without probable cause to believe that the plaintiff had committed a crime , in violation of his right to be free from such an unlawful and unreasonable seizure of his person and property under the Fourth Amendment to the United States Constitution.

60.     As a direct and proximate result of the actions of defendants ROMO, LA DELL, RAMOS, SMITH, SOMENEK, LA DELL and DOES 1 through 10, inclusive's unlawful and unreasonable seizure of plaintiff and the unlawful search and seizure of plaintiff's home, plaintiff Paul Renteria: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs,

and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

61.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

## SECOND CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation of Fourth Amendment Rights –
### Excessive / Unreasonable Use of Force on Person
**(By plaintiff RENTERIA against all defendants and DOES 1 through 10, inclusive)**

62.    Plaintiff RENTERIA hereby realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 61 as set forth in full herein.

63.    As mentioned above and in addition to the above and foregoing, plaintiff RENTERIA had a pair of handcuffs ratcheted down by defendants ROMO, LA DELL, SMITH, SOMENEK and/or DOES 1 through 10, with excessive / unreasonable force that caused the plaintiff to suffer substantial physical injury, and caused the plaintiff to suffer tremendous pain and suffering and injury to plaintiff's hands and wrists, even though plaintiff had not committed any crime.

64.    The actions of defendants ROMO. LA DELL, SMITH, SOMENEK and/or

COMPLAINT FOR DAMAGES

22

**Law Offices of Jerry L. Steering**

said DOE defendants, as complained above herein, constituted a violation of plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from the use of unlawful and unreasonable and excessive force upon his person.

65.   As a direct and proximate result of the actions of defendants ROMO, LA DELL, RAMOS, SMITH, SOMENEK, LA DELL and DOES 1 through 10, inclusive's unlawful and unreasonable seizure of plaintiff with excessive force, plaintiff Paul Renteria: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

66.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

**THIRD CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation of Fourth Amendment Rights –**
**Unlawful / Unreasonable Seizure of Property**
**(By plaintiff RENTERIA against all defendants and DOES 1 through 10, inclusive)**

67.   Plaintiff RENTERIA hereby realleges and incorporates by reference all of

COMPLAINT FOR DAMAGES
23

the allegations set forth in paragraphs 1 through 66 as though set forth in full herein.

68.    As mentioned above and in addition to the above and foregoing, plaintiff RENTERIA had his property (weapons, ammunition and the family home) taken by defendants ROMO, LA DELL, SMITH, SOMENEK and/or DOES 1 through 10, without a warrant or probable cause, even though plaintiff had not committed any crime.

69.    The actions of defendants ROMO. LA DELL, SMITH, SOMENEK and/or said DOE defendants, as complained above herein, constituted a violation of plaintiff's rights under the Fourth Amendment to the United States Constitution to be free from the unlawful and unreasonable seizure of plaintiff's property.

70.    As a direct and proximate result of the actions of defendants ROMO, LA DELL, RAMOS, SMITH, SOMENEK, LA DELL and DOES 1 through 10, inclusive's unlawful and unreasonable seizure of plaintiff's property, plaintiff Paul Renteria: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

71.    The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient for an award of

Law Offices of Jerry L. Steering

Law Offices of Jerry L. Steering

punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

### FOURTH CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights -
### Unreasonable / Unlawful Search and Seizure of Private Residence and Unlawful Search of Person
### (By Plaintiffs Against All Defendants and/or DOES 1 through 10, inclusive)

72. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 71, inclusive, as though set forth in full herein.

73. As shown above, plaintiff resides at the family home located at 1525 San Gabriel Boulevard, Rosemead, California, during all times complained of in this action.

74. Defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, arrested plaintiff RENTERIA then did not seek the consent to the search of his home, and when plaintiff was arrested by defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, unlawfully searched and seized the home of plaintiff, and unlawfully searched plaintiff's person, all without a search warrant or consent, exigency or emergency, including picking the lock on plaintiff's mother's door.

75. Arresting plaintiff Paul Renteria by defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, constituted a seizure / an arrest of his person under the Fourth Amendment to the United States Constitution, and the search of plaintiff's person was unreasonable / unlawful under the Fourth Amendment to the United States Constitution.

76.    Plaintiff did not consent to defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, that they could search his home.

77.    However, defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, nonetheless searched the plaintiff's home while plaintiff Paul Renteria was still handcuffed in the back seat of the police vehicle, and, thereafter; all without a warrant, consent or any exigency or emergency. Defendants ROMO, LA DELL, SOMENEK and DOES 1 through 10 inclusive actually locked defendant SMITH inside plaintiff's home while defendant SMITH was unlawfully searching the family home.

78.    The actions of defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, during said June 23, 2015 incident complained of in this action, in entering into plaintiff's home, the warrantless, suspicionless, and otherwise unlawful / unjustified search of plaintiff's home by said defendants constituted a violation of the plaintiff's rights to be free from a warrantless search of his home in the absence of consent, a true exigency or a true emergency, none of which existed, under the Fourth Amendment to the United States Constitution.

79.    As a direct and proximate result of the actions of defendants ROMO, LA DELL, RAMOS, SMITH, SOMENEK, LA DELL and DOES 1 through 10, inclusive's unlawful and unreasonable search of plaintiff's home and his person, plaintiff Paul Renteria: 1) was substantially physically, mentally and emotionally injured, and suffered

COMPLAINT FOR DAMAGES

26

Law Offices of Jerry L. Steering

great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

80.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

### FIFTH CAUSE OF ACTION
### MALICIOUS PROSECUTION - UNDER FIRST, FOURTH AND FOURTEENTH AMENDMENTS
### [42 U.S.C. § 1983]
### (By plaintiff against all defendants)

81.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 80, inclusive, above, as though set forth in full herein.

82.     As shown above, defendants conspired to falsely and maliciously procure the bogus criminal prosecution of the plaintiff RENTERIA by submitting false and misleading police reports to the Los Angeles County District Attorney's Office; police reports that made false and misleading statements of material issues of facts and that omitted material statements of material facts, to falsely and maliciously procure the criminal prosecution of plaintiff RENTERIA.

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

**Law Offices of Jerry L. Steering**

83.   Defendant ROMO's police report, also authored by defendant RAMOS and DOES 1 through 10[22], regarding the June 23, 2015 incident complained of in the underlying criminal action showed that plaintiff RENTERIA was prohibited from possessing his lawfully registered firearms and ammunition; something that was not true.

84.   Thereafter, on or about January 8, 2016, defendant RAMOS[23], on behalf of Special Agent in Charge and supervisory defendant LA DELL[24], sent a letter to plaintiff RENTERIA stating that a criminal complaint had been filed against him alleging a sole count of a violation of Cal. Penal Code § 29815(a), "Unlawful Firearm Activity"; a "wobbler" under California law. However, as of that date no such criminal complaint had been filed against plaintiff RENTERIA, contrary to what defendant RAMOS[25], on behalf of her supervisor defendant LA DELL[26], had written to plaintiff RENTERIA.

85.   As shown above, upon receiving the aforementioned letter from said defendants RAMOS[27] on behalf of LA DELL[28], plaintiff RENTERIA retained a private criminal defense attorney, Grant Hoagland, at considerable monetary expense. Mr.

---

[22] and/or defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[23] and/or defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[24] and/or defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[25] and/or defendants ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[26] and/or defendants RAMOS, ROMO, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[27] and/or defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[28] and/or defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.

COMPLAINT FOR DAMAGES

28

**Law Offices of Jerry L. Steering**

Hoagland made numerous attempts to contact defendants without success[29] to prove that plaintiff RENTERIA was lawfully permitted to possess his firearms, and to demand the return of plaintiff's firearms.

86.    Thereafter, On or about January 12, 2016, plaintiff RENTERIA's criminal defense attorney Grant Hoagland authored a letter to the California Department of Justice, show, *inter alia*, that as of January 12, 2016, no criminal complaint had been filed, contrary to the January 8, 2016 letter from defendant RAMOS on behalf of supervisory defendant LA DELL stating that a criminal complaint had been filed against plaintiff RENTERIA, something that defendants ROMO and LA DELL  knew was false.

87.    In his January 12, 2016 letter to the California Department of Justice, Mr. Hoagland asserted that after his review of the facts attendant to plaintiff RENTERIA's arrest that there existed no "Probable Cause" for the underlying bogus criminal prosecution against plaintiff as the plaintiff's possession of firearms was not a violation of the terms of the plaintiff's probation in the original underlying misdemeanor action.

88.    Mr. Hoagland further wrote that it was "patently clear" even in the minute orders from California Superior Court Commissioner Alan I. Rubin that plaintiff RENTERIA was lawfully permitted to possess firearms. Moreover, Mr. Hoagland demanded that plaintiff RENTERIA's also lawfully registered fire arms be returned to

---

[29] Including numerous phone calls made to defendants by Mr. Hoagland.

COMPLAINT FOR DAMAGES

plaintiff RENTERIA.

89.    In addition, Mr. Hoagland's January 12, 2016 letter to said defendants also included documentation proving plaintiff RENTERIA's innocence, including:

a)  A copy of the Minute Order from April 23, 2013 by Los Angeles County Superior Court Commissioner Alan I. Rubin.

b)    A copy of the Los Angeles County Superior Court Misdemeanor Sentencing Memorandum (i.e, "*Tahl*" form) showing the terms of plaintiff's plea agreement permitting plaintiff to possess lawfully registered firearms.

c)    Proof of Registration for both of plaintiff's firearms, a Glock 26 fixed 9mm Ban02 and Smith & Wesson Bodyguard 38 .38SPL;

d)    Proof of Purchase of a Mossberg 500 12 g. 28 inch.

e)    Property Receipt of Firearms dated June 23, 2015 executed by defendant ROMO.

f)    Law Enforcement Gun Release Application for all three weapons, Glock, S&W and Mossberg.

g)    Moreover, this January 12, 2016 letter was also forwarded to the California Department of Justice (Office of the Attorney General) and the Department of Justice, Bureau of Firearms, in Cities of Commerce and Sacramento.

Law Offices of Jerry L. Steering

90.   In response to and in retaliation for plaintiff's criminal defense attorney Grant Hoagland wrote to the California Department of Justice on January 12, 2016, claiming and showing that no probable cause existed for plaintiff RENTERIA's June 23, 2015 arrest (including providing supporting documentation proving plaintiff's innocence) and demanding the return of plaintiff's firearms, defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive, procured the Los Angeles County District Attorney's Office filed a felony criminal action against plaintiff RENTERIA for a violation of Cal. Penal Code § 29815 (Unlawful Firearm Activity); *People of the State of California v. Paul Renteria*, Los Angeles County Superior Court Case Number GA097730; filed on January 26, 2016.

91.   In procuring the bogus criminal prosecution of the plaintiff, defendants' police reports were used by them to compromise the independent judgment of the Los Angeles County District Attorney's Office in deciding to prosecute the plaintiff, by causing that agency to prosecute the plaintiff based on bogus police. Accordingly, the Los Angeles County District Attorney's Office did not use its independent judgment in deciding to criminally prosecute the plaintiff in that the District Attorney's Office relied on the false statements of material facts and material omissions of fact in said defendants' above-referenced police reports, in deciding to prosecute the plaintiff. Had the District Attorney's Office known the true facts surrounding plaintiff's terms of his probation in the underlying misdemeanor action, they would have never filed the Felony criminal

Law Offices of Jerry L. Steering

action complained of in this action.

92.    Said criminal action was procured by defendants against plaintiff RENTERIA in an effort by defendants to protect themselves from civil liability and internal discipline, and from obloquy. Two (plus) weeks after plaintiff's criminal case lawyer, Grant Hoagland, notified the defendants that there had not been probable cause for their arrest of the plaintiff, including providing documents to defendants that showed that at the time that they arrested the plaintiff that he was in lawful possession of his firearms and ammunition (and also demanded the return of his firearms and ammunition.)

93.    On or about June 9, 2016, said criminal action was dismissed in the interests of justice, and Los Angeles County Superior Court Judge Roy Delgado issued an order commanding the return of plaintiff's firearms and ammunition - nearly five months after plaintiff RENTERIA had provided the court records proving his innocence to said defendants.

94.    Said criminal actions were procured by all of said defendants, without probable cause, and with malice.

95.    That felony action against plaintiff RENTERIA alleging a sole count of a violation of California Penal Code section 29815(a), "Unlawful Firearm Activity," (*People of the State of California v. Paul Renteria*, Los Angeles County Superior Court Case Number GA097730) was terminated in favor of plaintiff RENTERIA on May 2, 2016 pursuant to Cal. Penal Code § 1385, "In the interest of justice", upon motion of the

COMPLAINT FOR DAMAGES

32

District Attorney's Office. In fact, the District Attorney Office concluded that the plaintiff was an innocent man and successfully moved the Superior Court to dismiss the case against the plaintiff because they learned that plaintiff was innocent.

96.     Said defendants' action constituted a malicious criminal prosecution of the plaintiff, in violation of his First, Fourth and Fourteenth Amendment rights.

97.     As a direct and proximate result of the actions of defendants ROMO, LA DELL, RAMOS, SMITH, SOMENEK, LA DELL and DOES 1 through 10, inclusive's filing of said felony criminal action, plaintiff Paul Renteria: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

98.     The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

**SIXTH CAUSE OF ACTION**
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of First Amendment Right To**
**Freedom Of Speech / Right To Petition Government For Redress Of Grievances**

COMPLAINT FOR DAMAGES

Law Offices of Jerry L. Steering

**(By plaintiff against all defendants)**

99.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 98, inclusive, as though set forth in full herein.

100.    At all times complained of herein plaintiff RENTERIA had a right under the First Amendment to free expression, and to petition the government for redress of grievances.

101.    On June 17, 2015, plaintiff RENTERIA received a phone call from defendant ROMO[30] inquiring about plaintiff's lawfully registered firearms. At that time, plaintiff informed defendant ROMO[31] that plaintiff was permitted to possess lawfully registered firearms under the terms of his probation and verbally protested the false information provided by defendant ROMO[32], and was engaged in a constitutionally protected First Amendment speech activity when plaintiff protested defendant ROMO's treatment of plaintiff RENTERIA's as unfair.

102.    The following day, June 18, 2015, plaintiff RENTERIA telephoned defendant ROMO[33] and offered to show defendant ROMO his "*Tahl*" plea agreement form (i.e., Summary Sentencing Memorandum) and his lawfully registered firearms.

103.    Thereafter, on June 23, 2015, defendants ROMO, LA DELL, RAMOS, SOMENEK and SMITH arrived at plaintiff RENTERIA's home and seized/arrested

[30] and/or defendants RAMOS, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[31] and/or defendants RAMOS, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[32] and/or defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive.
[33] and/or defendants RAMOS, SOMENEK, SMITH and DOES 1 through 10, inclusive.

plaintiff and seized his firearms and ammunition, despite plaintiff RENTERIA's verbal protests at being falsely arrested and accused of a crime, and was engaged in a constitutionally protected First Amendment speech activity when he protested defendants RAMOS, ROMO, LA DELL, SOMENEK, SMITH and DOES 1 through 10, inclusive's treatment of plaintiff RENTERIA as unfair.

104.   Said defendants knew or reasonably should have known that plaintiff was not prohibited from possessing his lawfully registered firearms, especially in light of plaintiff's attorney Grant Hoagland sending plaintiff's court paperwork to the California Department of Justice on or about January 12, 2016—two weeks prior to defendant RAMOS' procuring of the filing of said felony criminal complaint against plaintiff RENTERIA on January 26, 2016. Accordingly, said filing of a felony criminal complaint against plaintiff RENTERIA was done as retaliation for plaintiff's verbal protests about the absence of probable cause for his false arrest on June 23, 2015, for providing court documents which showed plaintiff's innocence, and for plaintiff's demand for the return of his lawfully registered firearms.

105.   Moreover, when plaintiff RENTERIA told Special Agent Supervisor defendant SOMENEK[34], during his arrest at plaintiff's home on June 23, 2015 that plaintiff had court paperwork proving his innocence and that he had his plea agreement at the house where he was falsely arrested to prove he was entitled to possess lawfully

[34] and/or defendants RAMOS, ROMO, LA DELL, SMITH and DOES 1 through 10, inclusive.

COMPLAINT FOR DAMAGES

35

Law Offices of Jerry L. Steering

registered firearms, defendant SOMENEK told plaintiff that "no judge would allow that," something that was not true.

106. Moreover, when plaintiff RENTERIA spoke to Special Agent in Charge defendant LA DELL, plaintiff was told that defendant LA DELL had orders from "high up," supervisory defendant DOES 7 through 10, inclusive, to arrest plaintiff.

107. The aforementioned actions of defendants ROMO, LA DELL, SOMENEK, SMITH, RAMOS, LA DELL and DOES 1 through 10, inclusive, in falsely arresting plaintiff and in procuring the filing felony criminal charges that said defendants knew to be false, were acts taken in retaliation for plaintiff's exercise of his First Amendment rights, and would chill a person of ordinary firmness from exercising his/her First Amendment right to criticize or protest a government agent's use of authority.

108. Thus, based on the facts and circumstances as alleged above, plaintiff RENTERIA's protected First Amendment speech was a substantial or motivating factor for the actions of defendants ROMO's, LA DELL, SOMENEK's, SMITH's, RAMOS', LA DELL's and DOES 1 through 10's (inclusive), in subjecting plaintiff to an unlawful seizure of his person and the malicious felony criminal complaint filing against plaintiff .

109. Accordingly, defendants ROMO, LA DELL, SOMENEK, SMITH, RAMOS, LA DELL and DOES 1 through 10, inclusive, are liable under 42 U.S.C. § 1983 to plaintiff RENTERIA for violating his First Amendment right to Free Speech and to Petition the Government for Redress of Grievances.

110.   As a direct and proximate result of the actions of defendants ROMO, LA DELL, RAMOS, SMITH, SOMENEK, LA DELL and DOES 1 through 10, inclusive's violation of plaintiff's First Amendment right to freedom of speech and for petitioning the government for redress of grievances, plaintiff Paul Renteria: 1) was substantially physically, mentally and emotionally injured, and suffered great physical, mental and emotional injury, distress, pain and suffering; 2) incurred medical and psychological costs, bills and expenses, 3) incurred attorney's fees, bail amounts and associated litigation and other related costs, and 4) incurred the loss of business wages and profits, and 5) incurred other special and general damages and expenses, in an amount to be proven at trial, in excess of $10,000,000.00.

111.   The actions by said defendants were committed maliciously, oppressively and in reckless disregard of plaintiff' constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants and each of them, in an amount to be proven at trial, in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

   a)   For a judgment against all defendants for compensatory damages in an amount in excess of $10,000,000.00;

   b)   For a judgment against all defendants for punitive damages in an amount in excess of $5,000,000.00;

   c)   For an award of reasonable attorney's fees and costs of suit;

Law Offices of Jerry L. Steering

d) For a trial by jury; and

e) For such other and further relief as this honorable court deems just and equitable.

_____
JERRY L. STEERING

COMPLAINT FOR DAMAGES
38